**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 05-2022**

───────────────

MUHAMMED ARIF MALIK,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration Appeals. (A77-636-809)

───────────────

Submitted: May 17, 2006      Decided: January 11, 2007

───────────────

Before MOTZ, KING, and DUNCAN, Circuit Judges.

───────────────

Petition denied by unpublished per curiam opinion.

───────────────

Anser Ahmad, AHMAD LAW OFFICES, P.C., Harrisburg, Pennsylvania, for Petitioner. Rod J. Rosenstein, United States Attorney, John W. Sippel, Jr., Assistant United States Attorney, Baltimore, Maryland, for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Muhammed Arif Malik, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the decision of the immigration judge ordering Malik's removal to Pakistan.

Malik first alleges that his counsel below rendered ineffective assistance of counsel in administrative proceedings before the immigration judge. As Malik did not raise this issue before the Board, he has failed to exhaust his administrative remedies, as required by 8 U.S.C.A. § 1252(d)(1) (West 2005). Therefore, we lack jurisdiction to review the claim. See Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004).

Next, Malik asserts that his constitutional rights to equal protection and due process were violated. He contends that his prosecution by the Department of Homeland Security resulted from his registration pursuant to the National Security Entry-Exit Registration System ("NSEERS"), 8 U.S.C. §§ 1303, 1305 (2000), and that a decision to prosecute based on alienage, ethnicity, or religion violates his constitutional rights. We conclude that this claim entitles Malik to no relief. Cf. Ahmed v. Gonzales, 447 F.3d 433, 439-40 (5th Cir. 2006) (holding that any impact of NSEERS on Department of Homeland Security's decision to initiate removal proceedings did not violate alien's equal protection rights); Zafar v. United States Atty. Gen., 426 F.3d 1330, 1336 (11th Cir. 2005)

- 2 -

("Petitioners' equal protection rights were not violated by being required to be registered in the National Security Entry-Exit Registration System . . . ."). Further, under 8 U.S.C.A. § 1252(g) (West 2005), courts have no jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings . . . under this chapter." See also Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 488 (1999) (holding that § 1252(g) deprives federal courts of jurisdiction over claims of selective enforcement of immigration laws).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED